UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:12-CV-024-HRW

KEVIN WILSON,                                                                                   PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

LADONNA THOMPSON, Kentucky
Department of Corrections,                                                              DEFENDANT

***** ***** *****

## INTRODUCTION

Plaintiff Kevin Wilson, an inmate at the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky, *pro se,* filed this action, pursuant to 42 U.S.C. § 1983, against the named defendant, LaDonna Thompson, Commissioner of the Kentucky Department of Corrections, alleging that he has requested the medical department at EKCC to give him interferon treatments because he has tested positive for hepatitis "C" and that the medical department has denied that request because he did not meet the criteria for such treatments at this time. Wilson states that these events (his requests for the interferon treatments and the medical department's denial thereof) occurred during the period of time from March 16, 2012 to March 26, 2012. Wilson requests injunctive relief (to be given the interferon

treatments), damages of $450 Million, his attorney's fees, a medical transfer to Kentucky State Reformatory in LaGrange, Kentucky, and an apology.

Because it is crystal clear from the record as is that Wilson is not presently entitled to any relief from this Court, Wilson's complaint will be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing the complaint.

## DISCUSSION/ANALYSIS

The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before bringing an action with respect to prison conditions under federal law. The Supreme Court of the United States has twice held that the statute means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id.* at 90.

The Kentucky Department of Corrections Grievance Procedure, as presented in Corrections Policy and Procedure ("CPP") 14.6, prescribes a number of steps that are involved in a medical grievance. The process begins with the filing of a

2

grievance, which leads to an attempt at resolution through informal means. If the inmate is not satisfied, he may request a review by the Health Care Grievance Committee. If the inmate is not satisfied with the Health Care Grievance Committee's recommendation, he may appeal to the Department of Corrections Medical Director's Office for a final administrative review. See CPP 14.6(II)(K). If the inmate is not satisfied with the decision of the KDOC Medical Director, the final decision in the administrative review process, then the PLRA authorizes the filing of a civil lawsuit.

Wilson states that the events about which he complains occurred from March 16, 2012, to March 26, 2012. Thus, there has been insufficient time for Wilson to have filed a grievance at EKCC in attempting to resolve this matter and pursued and exhausted his administrative remedies prior to filing this Complaint. Additionally, in Wilson's form complaint, he expressly states that he did not file a grievance in compliance with the KDOC's prescribed procedures because "paperwork gets lost here at EKCC." Complaint, page 5 [D. E. #1].

Plaintiff's statement that paperwork gets lost at EKCC cannot is no excuse for his making no attempt whatsoever to pursue and exhaust his administrative remedies in compliance with CPP policy and procedures and as required by the PLRA as a prerequisite to filing an action in federal court. His excuse falls on deaf ears.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)  Plaintiff Kevin Wilson's Complaint, [D. E. #1], is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

(2)  This action is **DISMISSED** from the docket of the Court; and

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This 23rd day of April, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge